In re Ball.

(No. L-81-354—Decided March 26, 1982.)

Mr. Terry Lodge, for appellee Children Services Board.

Mr. Edwin Gehring, for appellant Mary O'Neal.

Mr. T. Joseph Zraik, for appellant John Ball.

Per Curiam. This cause came on to be heard upon the record in the trial court. Each assignment of error was reviewed by the court and upon review the following disposition made:

Appellants, Mary O'Neal and John Ball, are appealing from a judgment of the Lucas County Court of Common Pleas, Juvenile Division, which awarded permanent custody of their daughter, Lynn Ball, born December 15, 1970, to Lucas County Children Services Board for adoptive placement.

On June 19, 1980, Lucas County Children Services Board filed a complaint in abuse and neglect and dependency seeking permanent custody of Lynn Ball. According to this complaint, Lynn Ball had been admitted to Medical College Hospital with injuries she incurred when her mother, appellant Mary O'Neal, grabbed her around the neck, slapped her in the face, and threw her against a brick building. Appellant Mary O'Neal was charged with endangering children because of this incident. The custody complaint stated that because of appellant Mary O'Neal's past inability to provide proper care of Lynn, it was unlikely she would provide Lynn with proper care in the future. Appellant John Ball, according to the complaint, admitted he was unable to provide Lynn with proper care and had suggested Lynn be placed with one of his relatives. The complaint requested a temporary order placing Lynn with Lucas County Children Services Board pending adjudication of the complaint for permanent custody.

A judgment entry was filed on August 4, 1980, finding an emergency existed and awarded temporary custody of Lynn Ball to Lucas County Children Services Board for placement and planning pending the adjudication of the complaint. Counsel for both appellants and the guardian ad litem filed motions for psychological or psychiatric examination of appellants and of Lynn. These motions were denied. Appellant John Ball also filed a motion requesting that he be given custody of Lynn.

On February 2, 1981, the complaint filed June 19, 1980, was amended to a motion for change of disposition to permanent custody. A hearing before a referee was had on this motion for change of disposition to permanent custody over several dates in February and April 1981. The referee issued her recommendation on October 5, 1981, that Lucas County Children Services Board be awarded permanent custody of Lynn. The juvenile

judge held a hearing on objections to this recommendation and on November 24, 1981, affirmed the recommendations of the referee that Lucas County Children Services Board receive permanent custody of Lynn.

Appellant John Ball and appellant Mary O'Neal have been divorced since 1973. Lucas County Children Services Board received temporary custody of Lynn in December 1973. Since that time Lynn has lived in Children Services Board placements and with her mother, appellant Mary O'Neal, except for a three-month period in 1977, when she was placed with her father, appellant John Ball. The most recent placement of Lynn with appellant Mary O'Neal occurred in April 1980. The incident of abuse which occurred in June 1980, resulted in appellee, Lucas County Children Services Board, filing its complaint requesting permanent custody.

The parties did not have the entire record of the proceedings below transcribed, but instead filed an "agreed statement of objections and testimony" along with selected portions of the record. This agreed statement of objections and testimony was not signed by the trial judge as required by App. R. 9(D). This agreed statement of objections and testimony indicates that appellant Mary O'Neal testified that she had hit Lynn on June 11, 1980, because Lynn had called her a name and had refused to obey her. Mary O'Neal was convicted of child endangering because of this incident. Other evidence indicated that appellant Mary O'Neal used a belt and board to discipline Lynn. Lynn also was sexually abused by her stepfather while in her mother's custody. Appellant Mary O'Neal has failed in the past to fulfill service agreements with Lucas County Children Services Board.

Appellant John Ball lives in a housing project operated by the Catholic Church and receives disability payments from Social Security. Mr. Ball allegedly has had a drinking problem in the past. Appellant John Ball has always maintained visitation with Lynn, whether she was in a placement of Lucas County Children Services Board, or whether she was in her mother's custody. Lynn receives Social Security benefits as a dependent child through her father. Appellant John Ball was legally blind, but has now had successful corneal transplants. No service agreement was ever prepared by Lucas County Children Services Board for Mr. Ball.

The psychologist who treated Lynn stated it was in Lynn's best interest that she be adopted. The guardian ad litem who served in that position for three years filed a statement and recommendation with this court. According to this recommendation, Lynn should be placed in appellant John Ball's custody, subject to continued supervision by Lucas County Children Services Board; that Lynn should receive continued psychological or psychiatric therapy; that appellant John Ball should participate in such counseling efforts as deemed appropriate by the court; and that appellant Mary O'Neal should have supervised daytime visitation for a definite period of time not to exceed six months, with such visitations to be re-evaluated at the end of this time period.

Appellant Mary O'Neal's first, second, third and fourth assignments of error are:

"I. The trial court erred in applying the standards of O.R.C. 2151.04 and 2151.353 by failing to require a showing of real and substantial harm to the child as a prerequisite to termination of parental rights and by failing to require the state to prove it had exhausted less drastic alternatives prior to resorting to termination of parental rights and have thus deprived appellants of liberty without due process of law as required by the 14th Amendment to the U.S. Constitution and Article I, Section 16 of the Ohio Constitution.

"II. The lower court erred in apply-

ing the standards of parental care as set forth in O.R.C. 2151.05.

"III. The lower court erred in reaffirming the report of the referee where there was no evidence to support the conclussions [*sic*] of law stated in the report.

"IV. The lower court erred in finding that Lynn Ball lacked parental care against the weight of the evidence."

R.C. 2151.353 provides as follows:

"(A) If the child is adjudged an abused, neglected, or dependent child, the court may make any of the following orders of disposition:

"* * *

"(4) Commit the child to the permanent custody of the county department of welfare which has assumed the administration of child welfare, county children services board, or to any other certified organization, if the court determines that the parents have acted in such a manner that the child is a child without adequate parental care, it is likely that the parents would continue to act in such a manner that the child will continue to be a child without adequate parental care if a reunification plan were prepared pursuant to section 2151.412 of the Revised Code, and the permanent commitment is in the best interests of the child. If the court grants permanent custody under this division, the court, upon the request of any party, shall file a written opinion setting forth its findings of fact and conclusions of law in relation to the proceeding."

Our examination of the record discloses sufficient evidence to support the trial court's finding that Mary O'Neal had acted in such a manner in the past that she failed to provide Lynn Ball with proper care, that it was likely she would continue to fail to provide Lynn with adequate parental care in the future, and that Lynn's best interests would be served by awarding her permanent custody to Lucas County Children Services Board and terminating her relationship with her mother, appellant Mary O'Neal. The conclusions of law stated in the referee's report in regard to appellant Mary O'Neal are not against the manifest weight of the evidence. Appellee Lucas County Children Services Board met its burden of proving by clear and convincing evidence that appellant Mary O'Neal had failed to provide Lynn with adequate parental care. We find no violation of appellant Mary O'Neal's constitutional right to due process in the proceedings below. These assignments of error are not well taken.

Appellant Mary O'Neal's fifth assignment of error is:

"V. The lower court erred in not finding that the best interest of the child called for a reunification plan with her family."

While we question whether this assignment of error is an accurate reflection of the provisions of R.C. 2151.412, we find there is sufficient evidence in the record for the trial court to have found that Lynn's best interests did not require a reunification plan with her mother. Appellant Mary O'Neal had failed in the past to follow through on such plans that had been prepared and offered to her. The issue of whether the statutory requirements of R.C. 2151.412, requiring a reunification plan for appellant John Ball were adequately complied with, will be treated in our discussion of his fourth assignment of error, *infra*. This assignment of error is not well taken.

Appellant Mary O'Neal's sixth assignment of error is:

"VI. The lower court has denied appellant her rights to due process by repeatedly [*sic*] denying her right to cross-examination of evidence put into the record against her."

Appellant John Ball's third assignment of error, labeled as an issue in his brief, is:

"III. Whether or not the Appellant's rights of due process and equal protection under the Fourteenth Amendment to the United States Constitution were violated."

We find no violation of either appellant's constitutional rights by refusing to grant appellant Mary O'Neal and appellant John Ball's motions for independent psychological examinations of themselves or Lynn at state expense; by refusing to permit appellants to question their daughter Lynn; or by permitting admission of certain psychological reports containing statements made by Lynn; all of these matters being within the sound discretion of the trial court. In our examination of the available record we find no abuse of discretion. This assignment of error is not well taken.

Appellant John Ball's fourth assignment of error, labeled as an issue in his brief, is:

"IV.   Whether or not the Appellant's rights under Section 2151.412(A) of the Ohio Revised Code entitling him to a plan for reunification were met."

R.C. 2151.412 provides as follows:

"(C) The department, county department, board, or certified organization that has temporary custody of a child who is not abandoned or orphaned or custody of a child for whom a revised initial plan is submitted pursuant to division (B)(2) of this section shall, within sixty days after the issuance of the temporary custody order or sixty days after approval of the revised initial plan, prepare and file with the court a comprehensive reunification plan for the child, which plan shall be prepared in accordance with division (D) of this section. The comprehensive plan shall be designed to rehabilitate and reunite the child's family. The court shall provide a copy of the comprehensive reunification plan to all parties in the action, and any party to the action may, within seven days after receiving a copy of the plan, file an objection to the plan. If any party files an objection to the plan, the court shall consider the issues raised by the objection, and may hold a hearing on the objection within fourteen days after it is filed. When all issues with respect to the plan are resolved, the court shall approve the plan and incorporate the plan into the judgment entry setting forth the disposition made of the child."

Our examination of the record discloses that appellee Lucas County Children Services Board never fulfilled the requirements of R.C. 2151.412(C) by preparing a comprehensive reunification plan for appellant John Ball. We find insufficient evidence in the record to support appellee Lucas County Children Services Board's argument that appellant John Ball waived his right to such a plan. The record is clear, appellant John Ball has maintained a continuing interest in Lynn's welfare since 1973. R.C. 2151.412 (C) places a mandatory duty on appellee Lucas County Children Services Board to prepare such a plan. Because appellee Lucas County Children Services Board failed to prepare this plan for Mr. Ball, the trial court erred in terminating Mr. Ball's rights to Lynn's custody. This action was premature. This assignment of error is well taken.

Appellant John Ball's first and second assignments of error are:

"I.   Whether or not the weight of the evidence supported the conclusions to award permanent custody of the child to LCCSB.

"II.   Whether or not LCCSB met its burden of clear and convincing evidence to show the need for the award of permanent custody."

Having found appellant John Ball's fourth assignment of error well taken, we question whether the issues raised in these assignments of error are premature. However, based upon those portions of the record below available to this court for review, we find these assignments of error to be not well taken.

On consideration whereof, this court finds substantial justice has not been done appellant John Ball, but substantial justice has been done appellant Mary O'Neal.

Judgment of the Lucas County Court of Common Pleas, Juvenile Division, is

reversed as to appellant John Ball, and affirmed as to appellant Mary O'Neal. The cause is remanded to said court for further proceedings according to law. Costs assessed equally against appellant Mary O'Neal and appellee Lucas County Children Services Board.

*Judgment accordingly.*

CONNORS, P.J., POTTER and BARBER, JJ., concur.