## In re Babcock
### [Cite as 2 AOA 289]

*Case No. S-89-4*
*Sandusky County, (6th)*
*Decided March 9, 1990*

*R.C. 2151.41.4*
*Evid. R. 404(B)*

*Mr. Robert t. Lynch and Ms. Jane F. Bihn, Counsel for Appellants.*

*Mr. John E. Meyers, Prosecuting Attorney, by Messrs. Ronald J. Mayle and R. Bradford Culbert, Assistant Prosecuting Attorneys.*

ABOOD, J.

This is an appeal from a judgment of the Sandusky County Court of Common Pleas, Juvenile Division which permanently terminated the parental rights of David and Linda Babcock and granted permanent custody of Michael Babcock to the Sandusky County Department of Human Services.

The parents of Michael Babcock, appellants Linda and David Babcock, have appealed setting forth the following assignments of error:

"I.    THE TRIAL COURT COMMITTED PLAIN ERROR WHEN IT HEARD EVIDENCE AND RULED ON ISSUES NOT RELEVANT TO THE COMPLAINT ALLEGING AN ABUSED CHILD.

"II. THE STATE FAILED TO PRESENT ITS CASE WITH CLEAR AND CONVINCING EVIDENCE, AND THEREFORE THE TRIAL COURT ERRED IN MAKING A FINDING THAT ABUSE OCCURRED.

"III. THE TRIAL COURT COMMITTED PLAIN ERROR BY FAILING TO EXCLUDE EVIDENCE OF PRIOR ACTS OF THE FATHER OF THE MINOR CHILD.

"IV. THE JUDGMENT OF THE TRIAL COURT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

"V. THE TRIAL COURT ERRED IN THE DISPOSITIONAL PHASE OF THE TRIAL BELOW BY ACCEPTING ACTIONS ON THE PART OF SOCIAL SERVICES WHICH FALL SHORT OF THOSE REASONABLE EFFORTS REQUIRED BY LAW."

The grandparents of Michael Babcock, appellants Margaret and George Babcock, have also appealed setting forth the following assignments of error:

"1.Whether the trial court erred in its determination that the Sandusky County Department of Human Services made a good faith effort to implement the comprehensive reunification plan of September 10,1986?

"2.Whether the trial court erred in its determination that Michael Babcock is a child without adequate parental care and will continue to be in the near future?

"3.Whether the trial court erred in its determination that permanent custody to the Sandusky County Department of Human Services is in the best interest of Michael Babcock?

"4.Whether it is in the best interest of Michael to have visitation with his grandparents, Margaret and George Babcock?"

I.

The undisputed facts giving rise to this appeal are as follows. Michael Babcock, the son of appellants David and Linda Babcock, was born on November 13, 1985 with a congenital heart defect. On January 6, 1986, when Michael was approximately two months old, he was admitted to the Medical College of Ohio (MCO) with thrush, dehydration, facial bruising, trunkial bruising and palatal injuries. The child protection team at MCO determined that the last three had been inflicted and contacted the Sandusky County Department of Human Services. On January 15, 1986, a complaint was filed by the Sandusky county Department of Human Services alleging that Michael Babcock was an abused and dependent child and requesting temporary custody. On January 16, 1986, the trial court granted emergency temporary custody of Michael pending adjudication, to the Sandusky County Department of Human Services. On February 6, 1986, following a hearing, the trial court found Michael to be an abused and dependent child and placed him in the temporary custody of the Sandusky County Department of Human Services. On February 10, 1986, a comprehensive reunification plan was filed pursuant to R.C. 2151.412. Pursuant to the plan, appellants David and Linda Babcock were to undergo several types of counseling, Linda Babcock was to seek medical attention and both parents were required to maintain a clean and healthy home with sufficient food available at all times. Michael was initially placed in a foster home and appellants were permitted supervised visitation at least every two weeks. Michael was subsequently placed in the home of his paternal grandparents, appellants Margaret and George Babcock. In late May or early June 1986, Michael was reunited with his parents upon the condition that they continue the counseling as recommended in the reunification plan.

On July 15, 1986, Michael was admitted to the Medical College of Ohio because of severe head swelling and was subsequently diagnosed as having bi-lateral subdural hematomas, retinal and subhyaloid hemorrhages, hydrocephalus, severe developmental delay and malnutrition. The child protection team at MCO determined that the first four injuries were inflicted, possibly a result of whiplash from shaking. The Sandusky County Department of Human Services again requested and was granted temporary custody of Michael. On September 10, 1986, a revised comprehensive reunification plan was filed. Both parents were again referred to counseling, which included parenting and homemaking services, family life education and psychological counseling. The parents were also required to maintain a budget to help them keep sufficient food and heat in the home. They were granted supervised visitation with Michael at the agency at least every two weeks. Michael was provided educational and developmental counseling and was to remain in the hospital until healthy enough to be placed in a foster home.

On August 5, 1987, the Sandusky County Department of Human Services filed a complaint alleging that Michael Babcock was an

abused child and requesting that it be granted permanent custody of Michael. In the affidavit filed with their complaint, the Department of Human Services named appellants George and Margaret Babcock as parties having visitation rights. On August 17, 1987, a guardian ad litem was appointed for Michael. On October 25 and 26, 1988, an adjudicatory hearing was held pursuant to R.C. 2151.414 on the Sandusky County Department of Human Services' request for permanent custody of Michael Babcock.[1] At the commencement of the hearing, appellants Margaret and George Babcock were permitted to intervene in the action.

On November 8, 1988, the trial court filed its judgment entry finding that the Sandusky County Department of Human Services had made a good faith effort to implement the comprehensive reunification plans following the initial grant of temporary custody; that Michael was without adequate parental care and had not been properly nurtured and cared for through the neglect and mistake of David and Linda Babcock; that appellants David and Linda Babcock had physically abused Michael and were likely to continue to do so; and that due to this abuse, his health was endangered and, in the future, he would require special care that they were incapable of giving. The trial court indicated that the parties would be notified of a later dispositional hearing. On December 7, 1988, a dispositional hearing was held to determine if permanent termination of appellants David and Linda Babcock's parental rights was in Michael's best interests. On January 12, 1989, the trial court filed its judgment entry containing findings of fact and conclusions of law based upon the evidence presented at both the adjudicatory and dispositional hearings. In this judgment entry, the trial court found that the Sandusky County Department of Human Services had made a good faith effort to implement both reunification plans for Michael; that Michael had been hospitalized twice during the pendency of this case, each time with injuries inflicted while he was in the care and control of his parents; that the evidence indicated that each parent had a confirmed history of past abuse; that David and Linda Babcock have acted in such a manner that Michael was without adequate parental care; and that in the near future they would continue to act in such a manner that Michael would be without adequate parental care. The court concluded that it was in Michael's best interests that he be placed in a permanent environment free from all risks of future neglect or abuse, thereby terminating the parental rights of David and Linda Babcock and permanently granting custody of Michael to the Sandusky County Department of Human Services.

It is from this judgment that appellants David and Linda Babcock and Margaret and George Babcock have appealed.

II.

Appellants David and Linda Babcock's first and third assignments of error will be considered together since both contain assertions that the trial court committed plain error in the adjudicatory hearing held on October 25 and 26, 1988. In their first assignment of error appellants David and Linda Babcock assert that the trial court committed plain error when it heard evidence and ruled upon issues not relevant to the complaint which alleged that Michael is an abused child. In support of this assignment of error appellants submit that the trial court went far beyond the requirements of R.C. 2151.031(C)[2] and that there was no need for a finding of lack of adequate parental care. Appellants argue that their fundamental rights of due process have been violated by the trial court's action since they had no notice of the need to show proof of adequate parental care.

In their third assignment of error appellants David and Linda Babcock assert that the trial court committed plain error in failing to exclude evidence of prior acts of Michael's father. The acts specifically referred to concerned reports, complaints and records from other counties accusing David Babcock of sexually abusing his children from a previous marriage. Essentially appellants argue that this evidence was unfairly prejudicial, not relevant to the issues to be proven at the hearing and not offered for a proper purpose.

There was no objection made in the trial court as to the admission of any evidence that is the subject of these two assignments of error. Ordinarily, a claimed error not objected to at trial will not be considered on appeal unless it raises to the level of plain error. *State* v. *Underwood* (1983), 3 Ohio St. 3d 12; *State* v. *Cooperrider* (1983), Ohio St. 3d 226. The doctrine of plain error should be applied with utmost caution and only under exceptional circumstances where necessary to prevent a manifest miscarriage of justice. *State* v. *Long* (1978), 53 Ohio St. 2d 91. This doctrine permits the correction of judicial proceedings when the

error is apparent on the face of the record and is prejudicial to the appellant. *Reichert* v. *Ingersoll* (1985), 18 Ohio St. 3d 220. In *Reichert, supra,* the Supreme Court of Ohio found the plain error doctrine could be applicable to civil cases if the error complained of "would have a material adverse affect on the character and public confidence in judicial proceedings". *Id.* at page 223.

As to appellants' first assignment of error, it is clear from the transcript of proceedings that all the parties were aware that the trial court was proceeding with the hearing pursuant to R. C. 2151.414.[3] That section specifically requires the court, upon the filing of a motion for permanent custody, to determine if "the parents have acted in such a manner that the child is a child without adequate parental care." R. C. 2151.414(A)(2). As stated above, the trial court was properly proceeding under that statutory section since the Sandusky County Department of Human Services had already been granted temporary custody in prior proceedings conducted in this case.

As to the evidentiary errors alleged by appellants' third assignment of error, Evid. R. 402 provides:

"All relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, by the Constitution of the State of Ohio, by the statute enacted by the General Assembly not in conflict with a rule of the Supreme Court of Ohio, by these rules, or by other rules prescribed by the Supreme Court of Ohio. Evidence which is not relevant is not admissible."

Evid. R. 403(A) provides:

"(A)    Exclusion mandatory. Although relevant, evidence is not admissible if its probative value is substantially outweighed by the danger of unfair prejudice, of confusion of the issues, or of misleading the jury."

Evid. R. 404(B) provides:

"(B)    Other crimes, wrongs or acts. Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."

In making the determination required by R. c. 2151.414(A)(2), the trial court is directed to consider all relevant factors. Upon consideration of the evidence introduced at the adjudicatory hearing held on October 25 and 26, 1988, we find that the evidence specifically referred to by appellants in this assignment of error is relevant to the extent that such evidence demonstrates the environment in which Michael comes from; motive, intent or absence of mistake or accident on the part of Michael's father; and that its probative value is not outweighed by the danger of unfair prejudice. See *In the Matter of Allen Children* (Dec. 8, 1989), Fulton County App. No. F-88-14, unreported. In light of the foregoing, this court finds that the trial court's admission of the evidence that is the subject of appellant's first and third assignments of error does not constitute plain error. Accordingly, appellants' first and third assignments of error are found not well-taken.

### III.

David and Linda Babcock's second and fourth assignments of error and Margaret and George Babcock's first and second assignments of error will be considered together since in all four the appellants argue that the trial court's findings of November 8, 1988, made subsequent to the hearing held on October 25 and 26, 1988, are not supported by clear and convincing evidence and are, therefore, against the manifest weight of the evidence.

R. C. 2151.414(A) (effective October 24, 1980)[4] provides in pertinent part:

"§ 2151.414    Hearing on motion for permanent custody; notice; determinations necessary for granting motion.

"(A)    Upon the filing of a motion for permanent custody of a child by a county department, board, or certified organization that has temporary custody of the child, the court shall give notice of the filing of the motion and of the hearing, in accordance with section 2151.29 of the Revised Code, to all parties to the action, which notice shall contain a full explanation that the granting of permanent custody permanently divests the parents of their parental rights and a full explanation of their right to be represented by counsel and to have counsel appointed pursuant to Chapter 120. of the Revised Code if they are indigent, and shall conduct a hearing to determine all of the following:

"(1)    If the county department, board, or certified organization has made a good faith effort to implement the initial and comprehensive reunification plan for the child

that were approved by the court pursuant to section 2151.412 [2151.41.2] of the Revised Code:

"(2) If the parents have acted in such a manner that the child is a child without adequate parental care, and will continue to act in the near future in such a manner that the child will continue to be a child without adequate parental care. In making this determination, the court shall consider all relevant factors, including but not limited to, the following considerations:

"(a) The extent to which the parents of the child have conformed to the initial and comprehensive plans for the child that were approved by the court pursuant to section 2151.412 [2151.41.2] of the Revised Code and the extent to which the parents have fulfilled their obligations under the plans:

"(b) Any existing emotional or mental disorders of the parents and the anticipated duration of the disorders;

"(c) Any physical, emotional, or sexual abuse of the child by the parents that occurs between the date that the original complaint alleging abuse was filed and the date of the filing of the motion for permanent custody;

"(d) Any existing excessive use of intoxicating liquor or drugs of abuse by the parents.

"(e) Any physical, emotional, or mental neglect of the child by the parents that occurs between the date that the original complaint alleging neglect was filed and the date of the filing of the motion for permanent custody."

At the hearing on October 25 and 26, 1988, a number of case workers, counselors, and other Sandusky County employees testified as to the efforts of the Department of Human Services to implement the various reunification plans filed throughout the pendency of this matter, as well as the conditions and environment of David and Linda Babcock's home. There was testimony as to the various counseling services provided to the Babcocks to help them create and maintain a safe environment for Michael. These services consisted of homemaking services and parental counseling, as well as counseling and guidance on nutrition, health, food economics, budgeting and finance. There was also testimony of several case workers as to their attempts to encourage and assist the Babcocks in applying for any public assistance for which they may be eligible due to their severe financial difficulties. The case workers' observations were that the Babcocks were not diligent in following through on this. The case workers testified that

although they attempted to make periodic visits to the Babcock home, often times there would be no one at home or no answer. The case workers also testified as to the instability of the Babcock household from week to week in terms of appellants' income, ability to provide adequate food and make utility payments in order to prevent shut-offs.

The testimony further revealed that Michael was initially placed in a foster home and later was placed with his paternal grandparents, Margaret and George Babcock, who were provided home health services for him. During these placements David and Linda visited Michael periodically, gradually working up to overnight and weekend visits in their own home. In May or June of 1986, Michael was placed back with his parents on the condition that they continue their counseling provided for in the reunification plan. However, in mid-July of 1986, Michael was admitted to MCO with severe head swelling which was subsequently diagnosed by his physicians as the result of inflicted injury. Michael was again placed in temporary custody and a modified reunification plan was filed to again attempt reunification with his parents.

Finally, the testimony from the social workers was that although efforts at reunification continued, the parents were not successful in providing a safe environment for Michael, were unable to keep sufficient food in the house, would not pay his child support, would be unable to provide him the necessary medical attention and, therefore, were not in full compliance with the reunification plan. One case worker testified that Linda Babcock was unable to provide adequate nurturing and that Michael was diagnosed as having severe developmental delay.

On November 8, 1988, the court filed its judgment entry setting forth that:

"The Court finds that the Sandusky County Department of Human Services has made a good faith effort to implement the Initial and Comprehensive Reunification Plans that were approved by the Court following the initial grant of temporary custody.

"The Court finds that the parents have acted in such a manner that the child is without adequate parental care, in that the child has not been properly nurtured and cared for through the neglect and mistakes of the parents; that the parents have physically abused the child and are likely to continue to do so; and will require

special care that the parents are incapable of giving."

The trial court's determinations, made pursuant to R. C. 2151.414(A)(1) and (2), must be supported by clear and convincing evidence. R. C. 2151.414(B); *In re Schmidt* (1986), 25 Ohio St. 3d 331. Juv. R. 29(E)(4). The function of the reviewing court is to examine the record and determine if the evidence before the trier of fact satisfies the requisite degree of proof. See *In re Adoption of Holcomb* (1985), 18 Ohio St. 3d 361; *Cross* v. *Ledford* (1954), 161 Ohio St. 469; *In re Ball* (1982), 5 Ohio App. 3d 56.

Upon consideration of the record of proceedings in the trial court, as set forth above, this court finds that the trial court's findings are supported by clear and convincing evidence.

Accordingly, appellants David and Linda Babcock's second and fourth assignments of error and appellants Margaret and George Babcock's first and second assignments of error are found not well-taken.

### IV.

Appellants David and Linda Babcock's fifth assignment of error and appellants Margaret and George Babcock's third and fourth assignments of error will be considered together since each one refers to alleged errors made in the dispositional phase of the trial court's determination.

In their fifth assignment of error appellants David and Linda Babcock assert that the trial court erred in the dispositional phase of the trial below by accepting actions on the part of the social services which falls short of those reasonable efforts required by law. Appellants Margaret and George Babcock assert in their third assignment of error that the trial court erred in its determination that permanent custody to the Sandusky County Department of Human Services was in the best interests of Michael Babcock. In their fourth assignment of error appellants Margaret and George Babcock assert that it is in the best interests of Michael Babcock to be permitted visitation with them.

This court preliminarily notes that in these assignments of error the statutory sections cited by appellants, specifically R. C. 2151.419(B), R. C. 3109.05(B) and 3109.04(C), are not applicable to this action.[5] What appellants are essentially arguing in these three assignments of error is that the decision of the trial court, to grant permanent custody of Michael Babcock to the Sandusky County Department of Human Services and to deny visitation rights to appellants Margaret and George Babcock, is unsupported by the evidence. This court, however, does not have before it a transcript of the proceedings of the dispositional hearing held on December 7, 1989. Without a transcript of these proceedings, appellants cannot demonstrate the errors complained of and this court can only presume the regularity of the trial court's proceedings and affirm its judgment. *Knapp* v. *Edwards Lab.* (1980), 61 Ohio St. 2d 197, 199; App. R. 9, Section (B); *Columbus* v. *Hodge* (1987), 37 Ohio App. 3d 68.

Accordingly, appellants David and Linda Babcock's fifth assignment of error and appellants Margaret and George Babcock's third and fourth assignments of error are found not well-taken.

### V.

Upon consideration of the foregoing, this court finds that substantial justice has been done the parties complaining and the judgment of the Sandusky County Common Pleas Court, Juvenile Division is affirmed.

*Judgment affirmed.*

PETER M. HANDWORK, P.J.
GEORGE M. GLASSER, J.
CHARLES D. ABOOD, J.
Concur

---

[1] R.C. 2151.414 provides for a hearing upon the filing of a *motion* for permanent custody by an organization that already has temporary custody of a child, and sets forth certain determinations that must be made by the trial court prior to granting permanent custody to the movant. although the Sandusky County Department of Human Services' request for permanent custody was in the form of a complaint, the trial court properly proceeded pursuant to R.C. 2151.414, since Michael had previously been adjudicated an abused and dependent child and placed in the department's temporary custody. See *In re: Covert* (1984), 17 Ohio App. 3d 231.

[2] R.C. 2151.031(C), (effective November 28, 1975), defines an abused child as any child who:

"Exhibits evidence of any injury or death, inflicted other than by accident means, or an injury or death which is at variance with the history given of it, except that a child exhibiting evidence of corporal punishment or other physical disciplinary measure by a parent, guardian, custodian, person having custody or control, or person in loco parentis or a child iis measure is not prohibited under section 2919.22 of the Revised Code."

³ Beginning at page 4 of the transcripts of proceedings of the hearing the following took place:

"THE COURT: All right.

"MR. CULBERT: Okay. As far as an opening statement, I'd just like to say on behalf of the Department of Human Service that I think the Court is aware that in permanent custody action of this nature it's incumbent upon the Department of Human Services, through their burden of proof that's recognized in Ohio Revised Code 2151.41, to first establish that Michael Babcock, in this case, is a child that lacks adequate parental care, and that in the very near future it is likely that he will continue to lack adequate parental care. And to demonstrate that point, and also to demonstrate that the Department has in fact made reasonable efforts to reunify Michael with David and Linda Babcock.

"* * *

"THE COURT: Does anyone wish to make a statement?

"MR. TOLLES: Yes, but very briefly.

"The Babcocks position is that the State has correctly stated what their burden of proof is to show here, and we feel that based on the testimony that's going to be presented it will not be possible to meet that burden of proof, and that as such their complaint for permanent custody should be denied.

"That's the extent of any statement we would have at this time."

⁴ R. C. 2151.414 was subsequently amended effective January 1, 1989; however, the amended version is not applicable herein.

⁵ R. C. 2151.419 (effective Jan. 1, 1989) is not applicable herein.

R. C. 3109.04 and .05 are not applicable to placement or disposition of a child after a finding that such child is neglected, dependent or abused. See *In re: Height* (1975), 47 Ohio App. 2d 203.