JOURNAL ENTRY AND OPINION
In these consolidated matters, Shana Chilinski appeals from a judgment of the juvenile court which terminated her parental rights and granted permanent custody of her children, Angel, Dawn, Craig, Candice, Shane, Haley, and James Vandivner, to the Cuyahoga County Department of Children and Family Services (CCDCFS). In addition, the children's father, Tracy Vandivner, appeals from the same judgment. Both parties allege the juvenile court erred when it allowed CCDCFS to orally amend its complaint to seek permanent custody on the day of trial. Chilinski also asserts she had been denied effective assistance of counsel. CCDCFS, however, maintains that neither party objected to its oral motion and therefore the court did not err in granting the motion. Chilinski appeals and sets forth three assignments of error for our review, and Vandivner also appeals and sets forth one assignment for our review. Chilinski's assignments of error:
 THE TRIAL COURT ABUSED ITS DISCRETION AND IT WAS PLAIN ERROR TO ALLOW THE ORAL AMENDMENTS TO THE PRAYER AND/OR THE ALLEGATIONS OF THE COMPLAINT WITHOUT A WRITTEN MOTION HAVING BEEN FILED BY APPELLEE C.C.D.C.F.S.
 THE TRIAL COURT'S DECISION TO GRANT THE APPELLEE'S ORAL MOTION TO AMEND THE PRAYER OF THE COMPLAINT TO PERMANENT CUSTODY ON THE DAY OF TRIAL VIOLATED APPELLANT'S RIGHT TO PROCEDURAL DUE PROCESS GUARANTEED BY THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND SECTION 16, ARTICLE I OF THE OHIO CONSTITUTION.
APPELLANT WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL. Vandivner's assignment of error:
 THE TRIAL COURT ABUSED ITS DISCRETION AND IT WAS PLAIN ERROR TO ALLOW THE AMENDMENTS TO THE PRAYER AND OR THE ALLEGATIONS OF THE COMPLAINTS WITHOUT A WRITTEN MOTION HAVING BEEN FILED BY CCDCFS.
After reviewing the record before us, we conclude the juvenile court abused its discretion when it granted permanent custody to CCDCFS, and we reverse the judgment of the court.
The record before us reveals that in July 1998, six of the children had been removed from the parties home due to allegations of drug abuse. The following year, however, CCDCFS reunified the family after successful completion of a case plan. On October 18, 1999, CCDCFS filed a complaint alleging neglect and seeking permanent custody of Angel, Dawn, Craig, Candice, Shane and Haley Vandivner, as a result of the parent's drug abuse. Thereafter, the juvenile court committed the children to the emergency temporary custody of CCDCFS. On January 26, 2000, CCDCFS filed a complaint for dependency and permanent custody of James, after he tested positive for cocaine at his birth on January 22, 2000.
In its complaint seeking permanent custody of James, CCDCFS alleged mother has a history of involvement with CCDCFS since 1995 based on her drug use, has relapsed, has failed to remedy the conditions which caused the removal of six siblings from the home, mother and father admitted to using crack cocaine at least three days prior to James' birth and there are no relatives willing or able to assume care for him.
Additionally, in its complaint originally seeking temporary custody of the other six children, CCDCFS alleged the parents have a substance abuse problem, have recently relapsed and are abusing crack cocaine and alcohol, have abused drugs in the children's presence, have picked up the children from school while under the influence, and mother is four and one-half months pregnant and is abusing drugs.
The parties agreed to participate in a case plan, which required drug and alcohol treatment and parenting education classes.
The juvenile court conducted a hearing on these complaints. At that time, CCDCFS orally amended its complaint seeking permanent custody of all seven children. The father and the mother admitted the allegations contained in the complaint.
Michelle Malcolm, a county social worker, testified that mother and father failed to substantially comply with the objectives of the case plan, that the family had a history of involvement with CCDCFS relating to issues of drug abuse, that neither parent has demonstrated an ability or desire to remedy the issues that caused the children's removal, and that all seven children had been placed with foster parents willing to adopt them. Malcolm stated that it is in the best interests of the children to be placed in the permanent custody of CCDCFS.
Sally Prentice and Patrick Lavelle, guardian ad litems for the children, agreed that the court should grant permanent custody to CCDCFS. The court then found that mother and father had a substance abuse problem, adjudicated the children neglected and set the matter for disposition. At the dispositional hearing the father failed to appear and the court awarded permanent custody of the children to CCDCFS.
The parties allege the court erred in allowing CCDCFS to orally amend its complaint to one which sought permanent custody on the day of trial. Chilinski also urges that she received ineffective assistance of counsel because her attorney had not been prepared for trial.
CCDCFS maintains that Chilinski and Vandivner agreed to the amendment and did not object at trial.
An appellate court will not reverse a trial court's determination concerning parental rights and child custody unless the determination is not supported by sufficient evidence to meet the clear and convincing standard of proof. See In re Adoption of Holcomb (1985), 18 Ohio St.3d 361, and In re Ball (1982), 5 Ohio App.3d 56.
Further, the award of permanent custody of a child is governed by R.C. 2151.414(B) which provides in pertinent part:
 (B) The court may grant permanent custody of a child to a movant if the court determines * * * by clear and convincing evidence, that it is in the best interest of the child to grant permanent custody of the child to the agency that filed the motion for permanent custody and that * * *:
 (1) * * * the child cannot be placed with either of his parents within a reasonable time or should not be placed with his parents; * * *.
Further, Juv.R. 22(B) states:
 Any pleading may be amended at any time prior to the adjudicatory hearing. After the commencement of the adjudicatory hearing, a pleading may be amended upon agreement of the parties or, if the interests of justice require, upon order of the court. * * * Where requested, a court order shall grant a party reasonable time in which to respond to an amendment.
See, also, Juv.R. 19, which authorizes oral motions with permission of the court.
Here, CCDCFS moved to amend the requested disposition of temporary custody to permanent custody before the adjudicatory hearing pursuant to Juv.R. 22(B). Neither Chilinski nor Vandivner objected and admitted the allegations contained in the amended complaint.
After reviewing the record before us, we note that CCDCFS had only been granted emergency temporary custody. The court should have proceeded on the motion for temporary custody with respect to all of the children except James and provided the parents with an opportunity to prepare for a permanent custody hearing.
Regarding Chilinski's claim of ineffective assistance of counsel, we are guided by the test set forth in Strickland v. Washington (1984),466 U.S. 688, which states:
 * * * First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the counsel guaranteed by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense.
In this case, Chilinski claims that her counsel had been ineffective because she did not object to the amendment made at trial and because counsel informed the court that she had not been prepared to proceed to trial. However, the record reflects that counsel did not object to the amended complaint because Chilinski agreed to its contents. Additionally, counsel explained to the court that she had been unprepared because Chilinski failed to keep her appointments and impeded counsel's ability to prepare for trial. Further, counsel moved to continue and to withdraw from the case, but the court overruled those motions.
In light of the fact that Chilinski's counsel admitted to not being prepared to go forward at the time of the hearing, and the fact that counsel attempted to withdraw and to continue the hearing, counsel was in no position to agree to the amended complaint. The failure to object to the amendment demonstrates counsel was not functioning as the counsel guaranteed by the Sixth Amendment. Second, counsel's performance prejudiced Chilinski in that no one had been protecting her parental rights.
Accordingly, these assignments of error are well taken and the judgment of the juvenile court is reversed.
Judgment reversed.
This cause is reversed for further proceedings consistent with the opinion herein.
It is, therefore, ordered that appellants recover from appellee costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
FRANK D. CELEBREZZE, JR., J. and JAMES J. SWEENEY, J., CONCUR.