GUCCIONE ET AL. *v.* HUSTLER MAGAZINE, INC., ET AL.

(No. 77CV-04-1692—Decided December 10, 1979.)

Court of Common Pleas of Franklin County.

*Mr. Roy Grutman* and *Mr. Herbert R. Brown,* for plaintiffs.

*Mr. C. William Brownfield* and *Mr. Lawrence E. Sturtz,* for defendants.

WRIGHT, J.   This is a decision on defendant's motion for a continuance of the trial date heretofore set for December 12, 1979. The parties have offered oral arguments and have submitted written memoranda in support of their respective positions. Defendant's motion was occasioned by defendant Larry Flynt's failure to appear for a deposition scheduled on December 7, 1979, in Los Angeles, California. Neither defendant Flynt nor defendant Hustler Magazine, Inc., claims prejudice as a result of Flynt's inability to appear in person for trial due to the fact that his physical condition is such that his ability to ever appear or testify at a protracted trial is uncertain at best.

A brief history of this case is in order. The complaint for invasion of privacy and libel was filed in April of 1977. The court handled a number of motions early on. However, the matter was inactivated when it became apparent that Flynt has suffered extensive and well-nigh mortal injuries during an attempt on his life. The case was reactivated in mid 1979 and a formal status conference was held in late Spring of this year. The court's orders and the parties' agreements with respect to the timing and scope of discovery were reduced to writing and a trial date was set for October 1979. Among other things, Flynt was scheduled for deposition by the plaintiffs to be held on June 28, 1979, which deposition proceeded as scheduled. Defendants' counsel chose not to preserve Flynt's testimony for trial by way of direct examination at that time or any other time until per agreement reached at a formal pre-trial held in late September counsel reserved the right to take Flynt's deposition during the week before trial. It should be noted that the October trial date was continued due to the inability of the parties to complete discovery as scheduled. A second formal written order evolved out of the pre-trial which, among other things, set the case for a firm trial date on December 12, 1979.

The court is now confronted with a request to continue this matter for a substantial period of time. There are a number of specific considerations which must be considered before ruling on this matter. They include the following:

1. Whether the motion has been made in good faith?

2. Whether probable prejudice would accrue to the defendant due to his failure to be able to present his testimony at trial?

3. Whether defendant's inability to appear is unavoidable?

4. Whether defendant's non-appearance will be involuntary?

5. Whether there is a probability that the defendant will be able to present his testimony at some reasonable future time?

The leading case in this area appears to be *State, ex rel. Buck,* v. *McCabe* (1942), 140 Ohio St. 535. The *Buck* case states that the allowance of a continuance must be left to the court's sound discretion. A continuance is a matter of right only when all of the criteria noted above are present. Parenthetically, the

writer believes that prejudice to the plaintiff and the Rules of Superintendence promulgated by the Ohio Supreme Court should also be factors in the court's decision along with common sense considerations of justice to all parties.

## I.

There appears to be no lack of good faith in counsel's effort to obtain a continuance. Trial counsel profess that they were ignorant of the uncontested fact that Flynt has become heavily addicted to narcotics and other drugs during the past three to four months. The court has no reason to question counsel's statement; however, it should be noted that the record of the September pre-trial does reflect that as early as September 28, 1979, counsel were in fact having serious difficulties communicating with Flynt due to his physical problems. Counsel chose to defer his video-taped deposition until the week prior to the trial date, presumably because they recognized that "* * * Larry Flynt could not be deposed as far as we were concerned * * *."

## II.

On the issue of prejudice to the defendant, the court finds that prejudice may well accrue. A review of defendant's deposition as on cross, does contain a number of extensive answers and testimony which go to his substantive defenses. However, the writer believes that there is an almost irrebuttable presumption that failure to appear in person or by way of deposition may harm any defendant. Further, due to the issues in this case which include the presence or absence of malice toward the plaintiffs, the court believes that the defendant had met his burden on this particular score.

## III.

The court will treat the issues of the unavoidability of Flynt's absence and the question of whether said absence is involuntary together since the factual findings are intertwined. In one sense, Flynt's physical problems clearly preclude his presence at trial and make the presentation of his testimony at a video-taped deposition impossible. The deposition of Dr. David Espy reflects that Flynt is heavily addicted to narcotics, is wracked by pain of most severe intensity and

tends to be illucid for substantial periods of time. Dr. Espy offered his medical judgment that Flynt could not tolerate a deposition which would last for more than one hour and that he is presently incapable of understanding or responding to the issues at hand. Counsel represent that they cannot conduct a meaningful conference with their client. Counsel further represent that Flynt wants to give his testimony.

On the other hand, Flynt was capable of rendering his testimony by way of deposition during the past summer. See *Reitenour* v. *McClain* (1943), 40 Ohio Law Abs. 185, where a continuance was overruled on the grounds that counsel had adequate opportunity to depose a witness before his entrance into the service. The writer finds that Flynt has in some measure ignored the advice of his medical team during the past six months. (Dr. Espy's deposition as to his own advice, and that of Dr. Goodman and the combined opinions of no less than nine physicians in October of 1979.) Flynt has for personal reasons delayed his detoxification until January of 1980, said delay taking place in early November. This court genuinely sympathizes with Flynt's condition and the pain attendant thereto, but his inability to present his testimony on December 7, 1979, was not "unavoidable" within the meaning found in *Buck* nor was it "involuntary" as in the case of sudden trauma or illness. Conversely, the totality of the circumstances do not suggest that Flynt's addiction is self-induced since all the drugs he has taken during the past six months have been prescribed to him by his medical team.

## IV.

The question of whether there is a probability that Flynt will be able to attend court or present his testimony at some reasonable time in the future poses a most difficult problem. Counsel for the defendant believe that a 90-day continuance will suffice. The medical testimony does not appear to directly support this proposition. Flynt is scheduled for detoxification in early January, a process that will take two to three weeks if the defendant is willing to undergo same. Flynt's medical team can only speculate about a number of novel and experimental techniques to alleviate his extremely high level of pain following this process.

Barring a chordotomy, a myelotomy, or a rhizotomy, there

is a serious question as to whether Flynt will ever be able to offer his testimony in this case. Further, the medical deposition of Dr. Espy notes that these drastic alternatives will not be undertaken in the foreseeable future due to the functional destruction that would accrue as a result of same. No medical testimony was offered to suggest that following detoxification the defendant will be returned to the physical and mental condition that he enjoyed in June of 1979. There are inferences that could be drawn either way on this particular issue.

Thus it can be said that the defendant is not entitled to a continuance as a matter of right under the ruling case law. As indicated, consideration should be given to the Rules of Superintendence. A short continuance will take this case outside of said rules; however, this fact is of little weight when the interest of justice weighs in favor of such delay.

Plaintiffs assert that a continuance would dislocate their extensive affairs and that a prompt resolution of this matter will contribute in a fashion yet to be explained to a very substantial financial commitment soon to be undertaken by plaintiff Guccione. One of the counsel for the plaintiff asserts that he will be scheduled for trial for several months during the Spring of 1980. In any case, the court finds no substantive prejudice to the plaintiff by a short continuance aside from the remote possibility that one or more of the plaintiffs will simply not be able to proceed due to the press of other business. Counsel for the movant must to some extent have anticipated this problem as early as September, and, while counsel may not have recognized the precise nature of the defendant's difficulty, they obviously hoped for improvement in defendant's condition and carefully reserved the right to a deposition. Following his medical team's strong recommendation for immediate detoxification in late October of 1979, Flynt for personal reasons deferred same until early January 1980.

It must be noted that the Espy deposition makes it quite clear that there is no indication that Flynt obtained drugs from any other source than his medical team; and while his physicians were wary about the course being taken, Flynt's addiction took place while taking drugs as prescribed. It cannot be said that Flynt's present state is self-induced, and his physical situation can be classified as an "illness" for pur-

poses of the motion at bar. Accordingly, simple justice may require a short continuance to allow detoxification and give counsel a reasonable opportunity to prepare defendant for and to take his deposition for presentation at trial.

The bulk of the case law in this particular area seems to suggest that courts should not become totally preoccupied with docket control where there is a good faith motion for a continuance.

This is particularly true where the grounds for same lie in the incapacity of the party to appear in person or by deposition to defend himself. As indicated, substantial prejudice may accrue to Flynt in this multi-million dollar lawsuit. Thus, despite the findings of some lack of diligence by the defendant, the court believes that the interest of justice would be served by a 90-day continuance.

*Motion granted.*